Charles L. Roberts (5137; croberts@wnlaw.com)
Matthew A. Barlow (9596; mbarlow@wnlaw.com)
David P. Johnson (13260; djohnson@wnlaw.com)
WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah  84111
Telephone:  (801) 533-9800
Facsimile:   (801) 321-1707

Attorneys for Plaintiff
DCWV ACQUISITION CORPORATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| DCWV ACQUISITION CORP., a Delaware corporation,<br><br>        Plaintiff,<br>   v.<br><br>WALLCANDY, LLC, a New York corporation,<br><br>        Defendants. | Civil Action No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**(JURY TRIAL DEMANDED)** |

## PARTIES

1.      Plaintiff DCWV Acquisition Corp. ("DCWV") is a Delaware corporation with its principal executive offices located at 2250 North University Parkway, Suite 4961, Provo, Utah 84604.

2.      Upon information and belief, defendant WallCandy, LLC ("Defendant" or "WallCandy") is a New York corporation with its principal offices located at P.O. Box 4188, East Hampton, New York, 11937.

3. Pursuant to §306(a)(11) of New York's Business Corporation Law, Defendant may be served through the New York Secretary of State at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

## JURISDICTION AND VENUE

4. This is a civil action for declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202. This Court has jurisdiction over the action pursuant to 28 U.S.C. §§1338(a) (action relating to patents) and 1331 (federal question).

5. Upon information and belief, Defendant has transacted business, contracted to supply goods or services, and caused injury within the State of Utah, and has otherwise purposely availed itself of the privileges and benefits of the laws of the State of Utah, and is therefore subject to the jurisdiction of this Court pursuant to Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure and Utah Code Ann. § 78B-3-205 (2008).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## BACKGROUND

7. This action seeks a declaratory judgment concerning U.S. Patent No. 7,878,812 ("the '812 patent"). A copy of the '812 patent is attached to this Complaint as Exhibit A. Defendant WallCandy claims to be the owner of the '812 patent.

8. Defendant has asserted to Plaintiff that Plaintiff's manufacture or sale of "DCWV Wall Art Scroll Chalkboard, Peel-Stick with Chalk, Black" infringes the '812 patent. This assertion is included in a letter, a copy of which is attached as Exhibit B. Moreover, in the letter, Defendant threatens suit against Plaintiff.

9. Plaintiff denies that any of its activities or products infringes any valid claim of any of the '812 patent or any other valid, enforceable patent, if any, purportedly owned by Defendant.

10. As a result of Defendant's actions, Plaintiff has a reasonable apprehension that Defendant will commence litigation against it on the '812 patent.

11. There is substantial, continuing and justiciable controversy between Plaintiff and Defendant as to Defendant's right to threaten or maintain suit for infringement of the '812 patent, as to the validity, scope and enforceability thereof, and as to whether Plaintiff infringes any valid and enforceable claims of the '812 patent.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (For Declaratory Judgment of Noninfringement)

12. Plaintiff incorporates by reference as though fully set forth herein paragraphs 1-11 of the complaint.

13. Plaintiff alleges that its activities do not directly infringe, do not induce infringement, and do not contributorily infringe any valid and enforceable claims, if any, of the '812 patent.

### SECOND CAUSE OF ACTION
### (For Declaratory Judgment of Noninfringement)

14. Plaintiff incorporates by reference as though fully set forth herein paragraphs 1-13 of the complaint.

15. Plaintiff alleges on information and belief that the '812 patent is invalid. In view of the prior art, and further in view of basic deficiencies in the '812 patent, it fails to satisfy one or more of the provisions for patentability set forth in Title 35, Part II, United States Code,

particularly §§101, 102, 103, 112, 116 and 132, and the rules, regulations, and law pertaining thereto.

### THIRD CAUSE OF ACTION
### (For Declaratory Judgment of No Federal Unfair Competition)

16. Plaintiff incorporates by reference as though fully set forth herein paragraphs 1-15 of the complaint.

17. Defendant has asserted claims of federal unfair competition and, as such, has created a justiciable controversy over whether plaintiff's actions, as referenced herein, constitute federal unfair competition.

18. Plaintiff has not committed federal unfair competition and requests a declaratory judgment affirming that plaintiff has not committed federal unfair competition.

### FOURTH CAUSE OF ACTION
### (For Declaratory Judgment of No State Unfair Competition)

19. Plaintiff incorporates by reference as though fully set forth herein paragraphs 1-18 of the complaint.

20. Defendant has asserted claims of state unfair competition and, as such, has created a justiciable controversy over whether plaintiff's actions, as referenced herein, constitute state unfair competition.

21. Plaintiff has not committed federal unfair competition and requests a declaratory judgment affirming that plaintiff has not committed federal unfair competition.

### REQUEST FOR RELIEF

WHEREFORE Plaintiff prays for relief against Defendant as follows:

1. For a declaratory judgment that:

    a. Plaintiff infringes no valid and enforceable claim of the '812 patent,

    b.  The '812 patent is invalid;

    c.  Plaintiff has not committed federal or state unfair competition; and

    d.  Defendant, and those acting in concert with it or acting with knowledge of the judgment, are without right or authority to threaten or maintain suit against Plaintiff, or users of Plaintiff's products, for alleged infringement of the '812 patent or for federal or state unfair competition.

  2.  For an injunction prohibiting Defendant, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice thereof, from initiating infringement litigation against, and from threatening, Plaintiff or purchasers or users of Plaintiff's products or services with infringement litigation or charging any of them verbally or in writing with infringement of the '812 patent or of committing acts of federal or state unfair competition, or representing to any of them that infringement has occurred or that federal or state unfair competition has occurred, because of any activities of Plaintiff.

  3.  For costs and reasonable attorneys' fees incurred herein.

  4.  For such other and further relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff requests a jury trial on all issues so triable.

DATED: February 28, 2010          Charles L. Roberts
                                  Matthew A. Barlow
                                  David P. Johnson
                                  WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION


                                  By  /s/ Charles L. Roberts
                                       Charles L. Roberts
                                       Attorneys for Plaintiff
                                       DCWV ACQUISITION CORP.